Cheves, J.
delivered the opinion of the Court.
The amount of the demand in this case is small, hut the principle is of great importance.
*304 It has often been agitated in our Courts, but has never been solemnly decided, and it ought no longer to remain in a state of doubt. It appears me a little extraordinary that it should have been considered as a subject of serious difficulty, for I think there is nothing in the books to authorize a contrariety of opinion on the point.
It seems to me that the case of Edie vs. The East India Company, 2 Burr, 1216, is the foundation of all the difficulty, and yet it is strange that such a case should produce such an effect, for the decision is as clear as a sunbeam. A question of general commercial usage was the subject of consideration; and it appeared that the very point had been repeatedly and solemnly determined, and therefore the Court said the evidence was improperly received, because the law was already settled. Does this lay any foundation for the rejection of testimony to prove a special usage of trade, which has not been settled ? I do not at this moment recollect any English authority in which the difference between those general customs or usages which form a part of the law merchant, and those special and local usages which may form exceptions to general usage, is well defined. The distinction is, however, abundantly recognised, and clearly deducible from the cases. It is well expressed in the case of Sleight vs. Hartshorne and others, (2 Johns. N. Y. Rep. 541,) where the Chancellor says, “When the term usages of trade is made use of, it admits *305 of an application, either to the general usages of trade which compose the law of merchants, of . . ; , universal authority among commercial men m civiiized society, and forming one of the constituent parts of the law of this State, as the general law of the land, or to usages of local origin, or prevailing in a particular branch of trade.. The former are considered in the nature of positive laws, of which every member of the community is presumed to be conversant, and which are resorted to as known and established tests of contracts, in all cases arising under them. The others depend upon the usage of the persons engaged in the traffic to which they apply, the knowledge of which is not legally imposed on the community, but derives its force from the supposed knowledge of the persons engaged m that particular species of traffic, at the place or in the trade in which it obtains. The latter may be proved by witnesses. (Vide also 3 Day's Cases, 349, Halsey vs. Brown. 4 Massachusetts Reports, 252, Jones vs. Fales.) I am at a loss to conceive any usage of the latter description, which may not be proved by evidence, uuless it be a usage so clearly and palpably unreasonable and unjust, on the mere allegation of it, as to be void, when proof would be rejected, because, if introduced, it could establish nothing; or unless the same special usage had been repeatedly recognised, established, and settled by the Courts: in which case, as in the case of a general usage, evidence would be *306 inadmissible. (Eddowes vs. Hopkins, Doug. 376. Artaza vs. Smallpiece, 1 Esp. Ca. 24. Naylor vs. Mangles, ib. 109. Puget de Bras vs. Forbes & Gregory, ib. 117. Wayatt vs. Thompson, ib. 252. Cochran vs. Retberg, 3 Esp. Ca. 121. Spears vs. Hartly, ib. 81. Oppenheim vs. Russell, 3 Bos. and Pull. 46. Ekins vs. M'Clish, Ambler, 186. Ex parte Deeze and Ex parte Ockenden, 1 Atk. 227. 237.)
in «hat cases general usages may or may not 1,rooC
That the business of a printer, particularly, may have its peculiar usages, and that these usages may be established by evidence, is proved by the case of Gillet v. Mawman, 1 Taunton, 136.
In some of the cases relied upon to show that particular usages may be proved by testimony, it is either said, or taken for granted, that general usages, those which form a part of the general law of the land, cannot be established by evidence. But this I do not take to be quite correct ; I think there may be general usages of this kind which may be the subject of proof. The . . , , . , , distinction seems to me to be this; where the custom or usage has been settled by solemn adjudications, or where the usage is a matter of such general notoriety as to be known to every one, and to leave no doubt on the minds of a Court or Jury, proof will be inadmissible. But in matters which are not of the latter description, and which have not yet been adjudicated, I can see no reason why evidence should not be received. Such I think would have been the case, of Edie v. the East India Company, (2 Burr, *307 1216,) had not the point which occurred in that case been previously adjudged and settled. In that case, Lord Mansfield at the trial admitted evidence to establish the usage, and he after-wards changed his mind, because the law was already settled; otherwise 1 do not doubt he would have considered the testimony admissible.
Cogdell, for the motion.
Crafts, contra.
I think, therefore, the testimony offered on the trial in this case, to prove the usage alleged, ought to have been received; and this is the unanimous opinion of the Court.
The motion for a new trial is therefore granted.